**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **CEDAR LANE TECHNOLOGIES INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | **NO. 6:21-CV-00423-ADA** |
| | § | |
| **HITACHI KOKUSAI ELECTRIC, INC.,** | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE [ECF No. 11]

Came on for consideration this date is Plaintiff's Motion for Alternative Service. After careful consideration of the Motion and the applicable law, the Court **DENIES** Plaintiff's Motion for Alternative Service without prejudice.

## I. BACKGROUND

Plaintiff Cedar Lane Technologies Inc. ("Cedar Lane") sued Hitachi Kokusai Electric, Inc. ("Hitachi") alleging infringement of two patents. *See* ECF No. 1. Hitachi is a Japanese company with, according to Plaintiff, an established place of business at Hitachi Atago Bldg.6F, 2-15-12, Nishi-shimbashi, Minato-ku, Tokyo 105-8039, Japan. ECF No. 11 at 1. Plaintiff Cedar Lane seeks an order from the Court permitting alternative service on Defendant Hitachi pursuant to Federal Rule of Civil Procedure 4(f)(3).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States are to be served "in any manner prescribed by Rule 4(f) for serving an individual, expect personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*

("*STC.UNM v. TSMC*"), No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

## III. ANALYSIS

The Court will not permit alternative service here where Plaintiff has not shown that it attempted service through other means first. To be sure, the Federal Rules of Civil Procedure do not demand that a plaintiff "attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 U.S. Dist. LEXIS 122328, at *4-5 (W.D. Tex. July 13, 2020) (quoting *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014)). Indeed, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' . . . It is merely one means among several which enables service of process on an international defendant" *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quoting *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)).

Further, this Court has permitted alternative service on parties located in Japan. *See, e.g.*, *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909 (W.D. Tex. June 17, 2020). But in each case, the plaintiff "attempted to comply with the formal service requirements of the Hague Convention prior to seeking alternative service." *Id.* at *9. "[D]istrict courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted." *Id.* (collecting cases). Indeed, this Court has time-and-again recognized that "principles of comity encourage the court to insist, as a matter of

discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Id.* at *6 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)). Here, the Court will exercise its discretion to deny Plaintiff's motion for alternative service for failing to describe Plaintiff's efforts in serving Hitachi heretofore.

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Alternative Service is **DENIED** without prejudice.

SIGNED this 27th day of September, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE